IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTINE SAFFORD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| **ABLE GLASS AND MIRROR CO., INC.,** | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Christine Safford ("Safford" or "Plaintiff"), Plaintiff in the above-styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Able Glass and Mirror Co., Inc. ("Able's" or "Defendant"), and for cause of action, would show as follows:

### I.   INTRODUCTION

1. This action seeks equitable relief, compensatory and punitive damages, liquidated damages, attorneys' fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for disability and sex discrimination suffered by Safford in the course of her employment with Defendant. Safford complains that she was discriminated against regarding the terms and conditions of her employment because of disability and sex. Safford demands a jury on all issues triable to a jury.

### II.   PARTIES

2. Plaintiff Christine Safford is a citizen of the United States and is currently a resident of Bedias, Texas.

3. Defendant Able Glass and Mirror Co., Inc. is a Texas for-profit corporation doing

1

business in Huntsville, Texas. Defendant is an "employer" under the FLSA and acted as such in relation to Safford. Defendant may be served with process through its registered agent, James L. Wright, at 1300 Avenue Q, Huntsville, Texas 77340, or wherever the registered agent may be found.

### III.     JURISDICTION AND VENUE

4.      This action is brought under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1, et seq.; 28 U.S.C. § 1331; and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and 42 U.S.C. § 1981.

5.      The unlawful employment practices were being committed within the jurisdiction of the United States District Court for the Southern District of Texas–Houston Division, as a substantial part of the acts and conduct charged herein occurred in this district.

6.      This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

### IV.     PROCEDURAL REQUISITES

7.      Safford filed a Charge of Discrimination ("Charge") against Defendant under Charge Number 846-2012-33506 with the Equal Employment Opportunity Commission ("EEOC") on or about September 24, 2012. In her Charge, Safford claimed that Defendant discriminated against her because of her disability and sex.

8.      On September 20, 2013, the EEOC issued a Notice of Right to Sue letter, entitling Safford to file an action in this Court.

9.      The filing of this lawsuit has been accomplished within ninety (90) days of Safford's receipt of the Notice of Right to Sue letter.

10.     All conditions precedent to filing this cause of action have been met.

## V.     FACTS

11.     Safford began working for Defendant in or about February 2010.

12.     In or about July 2011, Safford began having back problems, which became increasingly worse.

13.     In or about August 2011, Safford was diagnosed with a bulging disc in her back, and her doctor informed her that she needed physical therapy to fix the issue. Due to her back issue, it was obvious that she was in pain while walking around the office.

14.     On or about August 23, 2011, Safford informed Tiffany Perdue, her immediate supervisor, that she would need to attend physical therapy every Monday, Wednesday, and Friday.

15.     Safford attended physical therapy for approximately three (3) weeks, at which time her back pain subsided.

16.     On or about September 23, 2011, Safford underwent foot surgery. When Ms. Perdue learned that Safford required foot surgery, she became very upset and threw a fit. Following Safford's foot surgery, she wore a cast for approximately one (1) month and had to use a scooter for approximately one (1) week.

17.     Shortly thereafter, Safford began experiencing more back pain. It became difficult for her to get up out of her chair while at work, and the pain also started affecting her legs. Safford's co-workers witnessed how her pain affected her.

18.     Ultimately, on or about February 22, 2012, Ms. Perdue terminated Safford's employment, informing her: "We know you're having health issues, but we're going in a different direction."

19.     Following Safford's termination, Ms. Perdue informed one of Safford's co-workers, Billie (McGregor) Corley–in reference to filling Safford's position–that Ms. Perdue "preferred hiring males because they don't have health issues and don't ask for time off."

Additionally, upon information and belief, following Defendant's termination of Safford, Defendant hired and/or assigned a male employee to perform the functions of Safford's position.

20. At all times, Safford was qualified for the position that she held with Defendant.

### VI.   DISABILITY DISCRIMINATION UNDER THE ADAAA

21. Safford incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

22. Defendant has discriminated against Safford in violation of the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA").

23. Safford was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of her disability, as that term is defined under the ADAAA.

24. Defendant perceived or regarded Safford as being disabled, even though she could perform the essential functions of her job, with or without reasonable accommodation.

25. Defendant's termination of Safford's employment and subjecting Safford to different terms and conditions of employment constitute disability discrimination under the ADAAA, 42 U.S.C. § 12101, et seq.

26. As a result of Defendant's discriminatory actions, Safford has suffered lost wages in the past and future, loss of future earning capacity, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of Safford, and, in all probability, Safford will continue to suffer such damages in the future.

27. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Safford.

28. As a result of Defendant's actions in violation of the ADAAA, Safford has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in probability will

continue to suffer in the future.

### VII.   VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE CIVIL RIGHTS ACT OF 1991

29.   Each and every allegation contained in the foregoing paragraphs is realleged as if fully set forth herein.

30.   Defendant intentionally discriminated against Safford because of her sex when they decided to hire a male for Safford's position for which she was qualified. Specifically, upon information and belief, following Defendant's termination of Safford, Defendant hired and/or assigned a male employee to perform the functions of Safford's position.

### VIII.   DAMAGES

31.   As a result of Defendant's conduct, Safford seeks the following relief: (1) back pay; (2) loss of wages and benefits in the past and the future; (3) costs of court and attorneys' fees; (4) mental anguish and emotional distress in the past and future; and (5) compensatory damages.

32.   Additionally, since Defendant's actions were committed maliciously, willfully, or with reckless indifference to Safford's federally protected rights, Safford is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

### X.   JURY DEMAND

33.   Safford requests a trial by jury on issues triable by a jury in this case.

WHEREFORE, Plaintiff Christine Safford respectfully prays that upon final trial hereof, this Court grant her appropriate back pay, including, but not limited to, her salary and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals

as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
dsinkule@eeoc.net
TODD SLOBIN
State Bar No. 24002953
tslobin@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**ATTORNEYS FOR PLAINTIFF
CHRISTINE SAFFORD**